UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CASE NO.: 06 CV 3593
MGC
ECF CASE

JOSE FELIS, on his own behalf,
& others similarly situated,

    Plaintiff,

v

D & D FASHION OF NY INC. d/b/a D & D Fashion,
a New York corporation.

    Defendant.

_____/

## COMPLAINT

1. Plaintiff JOSE FELIS (hereinafter referred to as "plaintiff"), was an employee of Defendants D & D FASHION OF NY INC. d/b/a D & D Fashion, (hereinafter referred to as "defendant") and brings this action for overtime compensation, minimum wage and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b). Plaintiff performed work as a floor worker, stocking shelves, and related activities at D & D FASHION OF NY INC. d/b/a D & D Fashion, located at 260 West 36th Street, New York, NY 10018.

2. Defendant is a New York corporation that operates and conducts business in New York, New York and is within the jurisdiction of this Court.

3. This action is brought to recover from Defendant overtime compensation, minimum wages, liquidated damages, and the costs and reasonable attorney's fees under the provisions of Title 29 U.S.C. §216(b)(the Act). Such collective action is intended to include each and every stock/floor worker employed by the Defendant at anytime within the past three years.

4. Plaintiff alleges that under the New York Labor Law, Art 6, §§ 190 et seq., and Art. 19, §§ 650 et seq. (collectively "NYLL"), he is entitled to unpaid overtime wages from Defendant for his work beyond 40 hours per week; unpaid spread of hours payments from Defendant for each day they worked more than ten (10) hours; liquidated damages equal to twenty-five (25%) percent of their unpaid minimum and overtime wages; and attorneys fees and costs.

## JURISDICTION AND VENUE

5. Jurisdiction is conferred on this Court by Title 28 U.S.C. §1337 and by Title 29 U.S.C. §216(b). The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. At all material times relevant to this action, Defendant was an enterprise covered by the FLSA as defined by 29 U.S.C. §§ 203(r) and 203(s).

6. Venue is proper in the Southern District of New York Pursuant to 28 U.S.C. § 1391(b) and (c).

7. At all times pertinent to this Complaint, Defendant failed to comply with Title 29 U.S.C. §§201-209, in that Plaintiff performed services for Defendant for which no provisions were made by the Defendant to properly pay plaintiff for those hours worked in excess of forty (40) hours per week during one or more workweeks.

8. In the course of employment with Defendant, Plaintiff was not paid time and one-half of his regular rate of pay for all hours worked in excess of forty (40) hours per workweek during one or more workweeks.

9. In the course of employment with Defendant, Plaintiff was not paid at the required minimum wage rate for each hour worked.

10. The records, if any, concerning the number of hours actually worked by Plaintiff and all other similarly situated employees and the compensation actually paid to Plaintiff are in the possession and custody of Defendant.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION
## UNDER FAIR LABOR STANDARDS ACT

11. Plaintiff readopts and realleges all allegations contained in paragraphs 1 through 10 above.

12. Plaintiff is entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess of forty (40) hours per workweek. Plaintiff regularly worked overtime hours.

13. By reason of the said intentional, willful and unlawful acts of Defendant, Plaintiff has suffered damages plus incurred costs and reasonable attorney's fees.

14. As a result of Defendant's willful violation of the Act, Plaintiff is entitled to liquidated damages.

## COUNT II
### NY MINIMUM WAGE COMPENSATION

15. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 14 above.

16. At all times relevant to this action, Plaintiff was an employee of Defendant, and Defendant was Plaintiff's employer, as defined by N.Y. Labor Law §§ 2(5), 2(6), 651(5) and 651(6).

17. Defendant willfully violated Plaintiff's rights by failing to pay Plaintiff at the current minimum wage rate of pay for each hour worked during their employ, in violation of the New York Minimum Wage Act and its implementing regulations N.Y. Labor Law Article 19 §§ 652.

18. Due to Defendant's New York Labor Law violations, Plaintiff is entitled to recover from Defendant his unpaid minimum wages, and an additional twenty-five (25) percent as liquidated damages, reasonable attorney's fees, and costs of the action, pursuant to N.Y. Labor Law § 663(1).

## COUNT III
### NY MINIMUM WAGE/ OVERTIME COMPENSATION

19. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 18 above.

20. At all times relevant to this action, Plaintiff was an employee of Defendant, and Defendant was Plaintiff's employer, as defined by N.Y. Labor Law §§ 2(5), 2(6), 651(5) and 651(6).

21. Defendant willfully violated Plaintiff's rights by failing to pay Plaintiff

overtime compensation at a rate not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Labor Law §§ 650 et seq.; 12 NYCRR § 142-2.2.

22. Defendant willfully violated Plaintiff's rights by failing to pay Plaintiff an additional hour of pay at minimum wage for each day he worked more than ten (10) hours, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Labor Law §§ 650 et seq.; 12 NYCRR § 142-2.4.

23. Due to Defendant's New York Labor Law violations, Plaintiff is entitled to recover from Defendant his unpaid regular wages, unpaid overtime compensation, unpaid spread of hours compensation, and an additional twenty-five (25) percent as liquidated damages, reasonable attorney's fees, and costs of the action, pursuant to N.Y. Labor Law § 663(1).

## COUNT IV
## MAINTENANCE OF EMPLOYMENT RECORDS

24. Plaintiff alleges and incorporates by reference the allegations in paragraphs through 23 above.

25. Defendant intentionally failed to maintain adequate and accurate written records for the hours worked and wages earned by Plaintiff in order to facilitate its exploitation of Plaintiff's labor.

26. Defendant's knowing and intentional acts constitute a violation of N.Y. Labor Law § 195(4).

27. Defendant's knowing and intentional acts constitute a violation of 20 U.S.C. § 211(c) and 29 CFR § 516.2.

28. As a result of the foregoing, Plaintiff has been injured, and Defendant has profited thereby, in an amount to be proven at trial.

29. Plaintiff demands a jury trial.

**WHEREFORE**, Plaintiff, and all other employees similarly situated, request that this Court grant the following relief:

I.  Declare Defendant's conduct complained of herein to be a violation of Plaintiff's rights under the Fair Labor Standards Act and the New York Labor Law;

II.  Award Plaintiff unpaid minimum wages and overtime compensation due under the Fair Labor Standards Act and an additional equal amount as liquidated damages because of Defendant's willful failure to pay overtime pay, pursuant to 29 U.S.C § 216;

III.  Award Plaintiff unpaid minimum wages, regular wages, spread of hours compensation, and overtime compensation under the New York Labor Law and an additional 25% as liquidated damages, pursuant to N.Y. Labor Law § 663(1);

IV.  Award Plaintiff prejudgment interest;

IV.  Award Plaintiff the costs of this action together with reasonable attorney's fees; and such other and further relief as this court deems necessary and proper.

Dated this 10th day of May 2006

HELEN F. DALTON & ASSOCIATES, P.C.
69-12 Austin Street
Forest Hills, NY 11375
Tel: (718) 263-9591
Fax: (718) 263-9598

_____
ELLIOT P. ALONY ESQ.
E.A.6132

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE FELIS, on his own behalf,
& others similarly situated,

    Plaintiff,

v.

D & D FASHION OF NY INC. d/b/a D & D Fashion,
a New York corporation.

    Defendant.

## SUMMONS & COMPLAINT

HELEN F. DALTON & ASSOCIATE, P.C
Attorneys for Plaintiff
69-12 Austin Street
Forest Hills, NY 11375
(718) 263-9591

To:

D & D FASHION OF NY INC.
C/O IK MO HAN
5TH FLOOR
120 WEST 31ST STREET
NEW YORK, NY 10001